43759. PATTERSON v. THOMAS.

SUBMITTED JULY 2, 1968—DECIDED SEPTEMBER 5, 1968.

---

Mitchell & Mitchell, Coy H. Temples, for appellant.

McCamy, Minor, Vining & Phillips, Robert L. Vining, Jr., for appellee.

HALL, Judge. In support of the motion for summary judgment the defendant submitted the plaintiff's testimony by deposition: I "caught my heel on the edge of the furnace and started falling forward and hit a little throw rug she had there on the floor, and when I did my feet went straight up, and I hit on my back . . . I hit it [the furnace] right on the edge . . . [the defendant's wife said] she caught her heel on it and fell. . . . I could have caught my balance if the throw rug hadn't been there . . . I started stumbling forward and hit this throw mat which didn't have any rubber backing on it." The defendant's affidavit stated that to the best of his knowledge no one had ever slipped on the rug; he did not know that it was in any way dangerous and did not consider it to be dangerous when used under normal conditions; he had no idea that it was any threat of harm to the plaintiff.

The plaintiff submitted her affidavit stating that the defendant told her that they had forgotten to tell her that the wife had applied a heavy coat of wax to the floors before the plaintiff arrived and they were slippery, and that he knew the rug had been placed on the floor after it had just been heavily waxed.

The plaintiff and the defendant agree that the plaintiff was a social guest in the defendant's home and that her legal status was that of a licensee. See *Laurens v. Rush*, 116 Ga. App. 65 (156 SE2d 482); *Stanton v. Grubb*, 114 Ga. App. 350 (2) (151 SE2d 237).

The degree of care owed to a social guest is less than that owed to a business invitee or servant. *Code* § 105-402. "An owner owes to a licensee no duty as to the condition of the premises . . . save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm." *Atlantic C. L. R. Co. v. O'Neal*, 180 Ga. 153, 156 (178 SE 451). The

Georgia decisions are consistent with the general law respecting the duty owed to a licensee or social guest, summarized in the American Law Institute's Restatement of the Law (2d), Torts, p. 210, § 342: "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved. Comment: a. The words 'the risk' denote not only the existence of a risk, but also its extent. Thus 'knowledge' of the risk involved in a particular condition implies not only that the condition is recognized as dangerous, but also that the chance of harm and the gravity of the threatened harm are appreciated." *Mandeville Mills v. Dale,* 2 Ga. App. 607, 609 (58 SE 1060); *Bohn v. Beasley,* 51 Ga. App. 341 (180 SE 656); *Cook v. Southern R. Co.,* 53 Ga. App. 723, 724 (187 SE 274); *Leach v. Inman,* 63 Ga. App. 790, 792 (12 SE2d 103); *Henderson v. Baird,* 100 Ga. App. 627, 631 (112 SE2d 221).

The evidence fails to establish that there are no genuine issues for consideration by a jury, whether the defendant knew or should have realized that the rug placed on the slippery floor created an unreasonable risk of harm to the plaintiff as a social guest, and should have expected that the plaintiff would not realize the danger, and whether the plaintiff had reason to know of the danger. We cannot say as a matter of law, therefore, that the evidence shows there was no breach of the defendant's duty to the plaintiff as a social guest. The trial court did not err in denying the defendant's motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*