## 57270. SIMONS v. AMERSON et al.

UNDERWOOD, Judge.

Simons sued Mayhew, Atkinson and Amerson for damages for personal injuries sustained when gasoline ignited on the engine of an automobile owned by Mayhew as he and Simons were attempting to make repairs to it upon premises owned or occupied by Atkinson and Amerson. Simons appeals from the grant of summary judgment to the latter two defendants, contending that he was an invitee upon their premises rather than a social guest or licensee to whom a lesser degree of care was owed. *Ramsey v. Mercer,* 142 Ga. App. 827, 830 (2) (237 SE2d 450) (1977).

We find no grounds for reversal, however, since even if Simons occupied the status of invitee and was, therefore, owed the duty of ordinary care, there was no breach of it by Atkinson or Amerson. Amerson was not present at the time, and Atkinson was not helping with the repairs but had been inside the house and was preparing to go to a store to get milk and other items for breakfast. At that point the sparkplugs had been removed from the engine, and Simons had connected to it a device he owned called a "remote control switch" with which he could turn the engine over without entering the car. Simons was standing next to the car, and, as he stated in his deposition, "[Atkinson] asked did I want anything, and when I turned—I turned and told him to bring me some milk and about that time [the engine rotated and gasoline spewed from the cylinders and exploded]." Atkinson did not cause the engine to turn over, nor did he

know there was gasoline on it or in any respect have that superior knowledge of danger required to support a proprietor's liability. *Jeffords v. Atlanta Presbytery, Inc.,* 140 Ga. App. 456, 457 (231 SE2d 355) (1976). Neither he nor Amerson can be held liable simply by virtue of their ownership or occupancy of the premises since "[o]wnership alone, in the absence of negligence, imposes no liability for injury sustained on the premises." *Slaughter v. Slaughter,* 122 Ga. App. 374 (1) (177 SE2d 119) (1970)." *Jones v. Interstate North Associates,* 145 Ga. App. 366, 368 (243 SE2d 737) (1978). Consequently, summary judgment was properly granted these two defendants.

*Judgment affirmed. Webb, P. J., and Banke, J., concur.*

ARGUED FEBRUARY 6, 1979 — DECIDED MARCH 16, 1979 — REHEARING DENIED MARCH 28, 1979 — ▮▮▮▮▮▮▮▮

*Sparkman & Taggart, Thomas R. Taggart,* for appellant.

*Beckmann & Pinson, William H. Pinson, Jr., Charles D. Gatch, Ronald Crawford,* for appellees.