57836. BARRY et al. v. CANTRELL et al.

QUILLIAN, Presiding Judge.

Richard W. Barry, Jr. (the plaintiff father) and Helen Katherine Barry, a minor (the plaintiff daughter) brought an action for damages against Terry Wayne Cantrell and Katherine T. Cantrell in the DeKalb Superior Court. The complaint alleged that a hammock was located within the backyard of the residence of the defendants which hammock was anchored on one end to a live tree and on the other end to a dead tree about eight to ten feet tall; that the dead tree had been dead for a long time which was well known to the defendants but was not known or disclosed to the plaintiffs; that it was the custom of the defendants to allow their invited guests including children to sit, swing or lie down on the hammock; that the defendants knew or should have known that the hammock, anchored to a dead tree, was extremely dangerous, a hidden peril and a man trap for anyone who might sit on the hammock, but neither of the defendants imparted any information or warning about it to the plaintiff daughter.

The complaint further alleged that the plaintiff daughter was invited to the residence of the defendants to attend a birthday party for their daughter; that while in attendance at the party the plaintiff daughter was sitting with three or four of her friends on the hammock when the dead tree to which the hammock was anchored broke at its base causing the tree to fall on the plaintiff daughter, injuring her; that the defendants owed the plaintiff daughter, a minor, 11 years old, who was an invitee on the defendants' property at the time of her injury, a duty to refrain from wilfully and recklessly exposing her to a hidden peril and to exercise ordinary care to avoid injury to her while she was a guest and invitee on the premises of the defendants; that the defendants owed the plaintiff daughter the duty to supervise her and protect her from injury by reason of the hidden peril because of her youth and due to the circumstances of being one of the invited

guests to their daughter's birthday party.

In the complaint it was alleged that the hammock attached to the dead tree constituted a hidden peril in the nature of a man trap which attracted the children who were attending the birthday party to it and created a duty on the defendants that they exercise ordinary care to prevent injury to any of the children and that, by the defendant's failure to carry out this duty, the plaintiff daughter was injured severely and permanently.

The defendants in their answer denied the material allegations of the complaint. After discovery by both sides, the defendants moved for summary judgent. After a hearing, the trial judge granted the defendants' motion for summary judgment based on the following grounds: 1) that the plaintiff daughter was a licensee at the time of the incident complained of; 2) that the defendants were liable only for wilful and wanton injury; 3) that the defendants had no knowledge that the tree stump would fall. From the adverse judgment the plaintiffs appeal. *Held:*

1. As the defendants contend, Georgia has adopted the rule that a social guest is not an invitee but is a licensee. See *Laurens v. Rush,* 116 Ga. App. 65 (156 SE2d 482) and *Higginbotham v. Winborn,* 135 Ga. App. 753 (218 SE2d 917). In comparing the status of the licensee with that of a mere trespasser this court has held "In the case of a licensee there is a slightly higher duty on the part of the owner or proprietor of the premises. He must not wantonly and wilfully injure the licensee; and since his presence as a result of his license is at all times probable, some care must be taken to anticipate his presence, and ordinary care and diligence must be used to prevent injuring him after his presence is known or reasonably should be anticipated. The fundamental concept in this class of cases, as in that of trespassers, is of a liability only for wilful or wanton injury; but it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or reasonably is expected to be, within the range of a dangerous act being done." *Petree v. Davison-Paxon Stokes Co.,* 30 Ga. App. 490, 494 (118 SE 697). Accord, *Murray Biscuit Co., Inc. v. Hutto,* 115 Ga. App. 870, 872

(156 SE2d 132). "After the presence of the licensee is known, exactly the same acts of caution may be required of the proprietor, to satisfy the legal duty, as would be necessary if the licensee were invited. Indeed, we can conceive that the owner of lands on which a dangerous thing exists may be in legal duty bound to use a greater quantum of precaution in behalf of an infant licensee thereon than he would in behalf of an adult invited guest. The sum of the whole matter is included in the expression frequently enunciated that 'duties arise out of circumstances.' " *Rollestone v. Cassirer & Co.,* 3 Ga. App. 161, 167 (59 SE 442). *Cook v. Southern R. Co.,* 53 Ga. App. 723 (187 SE 274).

In *Patterson v. Thomas,* 118 Ga. App. 326 (163 SE2d 331) this court considered a factual situation where the plaintiff slipped on a rug placed on a floor which had been heavily waxed. The rule expounded therein was as follows: "The occupier (or owner) of real property owes the same duty of care to a social guest as to a licensee. The occupier is subject to liability to a licensee for injury caused by a condition on the property if the occupier (a) knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to the licensee, and should expect the licensee will not realize the danger; and (b) fails to exercise reasonable care to make the condition safe, or to warn the licensee of the condition and risk involved; and (c) the licensee does not know or have reason to know of the condition and the risk."

Here, the burden was on the defendants in their motion for summary judgment to affirmatively negative the claim of the plaintiffs and show they are not entitled to recover under any theory of the case and to accomplish this by evidence which demands a finding to that effect. *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14, 15 (198 SE2d 381). The proof offered showed that the plaintiff daughter did not know of the condition and the risk and was not warned by the defendants. The question remains as to whether the defendants knew or had reason to know of the condition.

The defendants testified expressly that they did not know the tree was defective until after it fell. The plaintiff

daughter testified that she did not notice anything about the tree and the plaintiff father testified that from a great distance the bark looked normal. The tree had been topped before the defendants acquired their residence and they had lived there approximately one year and a half at the time the tree fell.

While on the trial of this case with the same proof offered as that presented on motion for summary judgment a directed verdict might have been proper, this does not mean that the grant of summary judgment was authorized. The defendants did not conclusively establish that they had no reason to know that the tree was defective and no basis for inspecting it after a year and a half. This is a case in which the jury should determine whether the defendants should have known of the dangerous condition of the tree.

2. The complaint alleged the defendants owed the plaintiff daughter "the duty to supervise her and protect her from injury by reason of hidden perils because of her youth." In response to the interrogatories of the defendants with regard to acts or omissions that caused or contributed to the injuries of the plaintiff daughter the plaintiffs answered: "Defendants were negligent in that they failed to properly supervise the children in attendance at the said birthday party to prevent an injury such as the injury to Helen Katherine Barry." On deposition the plaintiff father was asked: "Do you know of any other act of negligence which you contend the Cantrells are guilty of other than the fact that they had this hammock anchored on one end to a dead tree or tree trunk?" He answered: "It is also our understanding that there was no parental supervision during the time that some fifteen to eighteen girls were at this swimming party.

"It seems that Mrs. Cantrell was out elsewhere, and Mr. Cantrell was in the house either in the workshop or watching a ball game, and there is all of these invited guests my daughter's age, one or two years younger and one or two years older, in a large swimming pool with no adult supervision and allowed to play.

"Needless to say, had there been adult supervision, I don't think there would have been five children allowed to

swing on this hammock."

The defendant contends that this issue was not argued before the trial court and hence could not be considered by this court, citing *Ivey Const. Co. v. Transamerica Ins. Co.,* 119 Ga. App. 794 (168 SE2d 855) and *Gerald v. Ameron Automotive Centers,* 145 Ga. App. 200, 203 (243 SE2d 565). Unlike the cases cited, in this case the issue of lack of supervision clearly was presented by allegations and proof. Regardless of whether the specific point was argued before the trial judge the motion for summary judgment should not have been granted where there was evidence which would have sustained a basis for recovery by the plaintiffs. For this further reason, it was error to grant the motion for summary judgment of the defendants.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

Argued May 10, 1979 — Decided June 22, 1979.

*William R. Carlisle, Allen F. Townsend,* for appellants.

*Dennis, Corry, Webb, Carlock & Williams, Thomas S. Carlock, Kent T. Stair,* for appellees.