62609. RUFFIN et al. v. RUFFIN.

QUILLIAN, Chief Judge.

Mary C. Ruffin and her father, Don P. Ruffin, as next friend, and individually, brought this action for damages against George D. Ruffin. The complaint alleged that Mary C. Ruffin, while a social guest at the home of the defendant, fell through a rotted board of a dock on a pond and sustained injuries to her leg as a result. The defendant was alleged to be negligent in failing to maintain the dock in a proper condition or to make the repairs thereon; in failing to warn the minor plaintiff, Mary C. Ruffin, of the danger although he knew or should have known of the existence of such danger. It was also averred that the defendant "willingly and wantonly" failed to exercise ordinary care to prevent injury to the plaintiff when he actually knew or reasonably should have known of the dangerous condition of the dock which was a hidden peril. The complaint sought recovery for medical expenses incurred as a result of the injury

suffered by the plaintiff, Mary C. Ruffin.

The defendant answered and subsequently moved for summary judgment based on the pleadings, depositions taken of the two plaintiffs, and an affidavit by the defendant. The trial judge granted the defendant's motion predicated on the finding that the defendant lacked knowledge, either actual or constructive, of the defect. Appeal to this court followed. *Held:*

Counsel for the plaintiffs urged that the defendant should have known of the defect since the proof offered on summary judgment shows he never even casually inspected the dock.

We can not agree with this construction. The defendant's affidavit recites: "I did not know, nor did I have any reason to know, that the wooden board which broke under the weight of the said Mary Catherine Ruffin was defective or weak in any manner. I had regularly been out on this dock prior to this occurrence and had never observed anything to indicate that this board, or any other portion of said dock, was defective or weak in any manner. This dock had been in use for many years prior to this occurrence resulting in the injury to the Plaintiff, no one had ever been injured on the dock before, and there had never been any incident on the dock to give me notice of any defective condition in any portion of its structure. I had never been told by anyone that there were any defective or weakened boards on the dock, and my observation of the dock and of the boards used in the construction thereof led me to believe that the dock was in a safe, useable condition.

"I did not know of any dangerous condition existing on the dock, nothing had ever occurred to lead me to believe that there was any dangerous conditions existing on the dock, and regular physical observation of the construction of the dock had not put me on any type of notice that the dock was in any way unsafe or defective." The plaintiff father testified on deposition that to his knowledge no one had previously been hurt on the dock and there was nothing to put the defendant on notice that there was something wrong with the dock.

Under the circumstances here, the allegations of the complaint were pierced and absent proof sustaining the pleadings, summary judgment for the defendant was proper.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 6, 1981.

*Edgar A Fry,* for appellants.
*David B. Dunaway,* for appellee.