69302. BUNCH et al. v. STANTON et al.
(329 SE2d 538)

BEASLEY, Judge.

This is an appeal from a grant of summary judgment, and the question is the nature of defendants' legal duty to plaintiffs in these circumstances and whether they failed to perform it.

Plaintiff-appellant Bunch is the minor daughter of plaintiff-appellant Strauss. In May 1983 Bunch was invited by James Farrin to his nineteenth birthday party. Sixteen-year-old Bunch and three of her girl friends found that the party was being given by defendant-appellee Betton, age twenty-one, at the residence of his stepfather, defendant-appellee Stanton, and mother, who were away and were unaware of the party. The party took place around the backyard pool and beer refreshments were available. Bunch and her three friends met Betton, whom they did not know, when they went into the house, which was immediately adjacent, to use the bathroom. Initially he would not allow it because he apprehended damage to the property but then he relented. The girls returned to the pool area and sat at a table by the pool. Male guests started throwing fully dressed females into the pool. After observing this for about fifteen minutes, Bunch started to leave but was seized by a boy she did not know who threatened to throw her into the pool. He released his grip so that Bunch could remove her shoes and put her purse down. To avoid being thrown into the pool, Bunch then dove into the shallow end of the pool, which she had seen people in, and struck her head on the bottom, causing injury. The host Betton testified that he did not see or know that people were being thrown into the pool because he was in the house trying to prevent the house property from being damaged by the guests. Bunch admits that she did not see Betton by the pool.

Betton with others had provided two kegs of beer for the party which were available to all, including the minors such as Bunch. Betton admitted to having at least ten beers. Bunch testified that everybody was drinking beer and that she had had two. She saw Farrin start to throw girls into the pool and one or two other boys joined in. During fifteen minutes three or four girls were thrown in before Bunch was forced to go in as she was departing. Bunch had been to other teenage parties at which it was typical that the boys would be drinking or using drugs and would act up or get physical. Betton admitted some girls who came into the house to use the bathroom were wet and that he assumed they had been thrown into the pool.

Bunch and her mother commenced this action against Stanton, the homeowner, and Betton, his son the party host, alleging that Betton negligently failed to supervise his guests and Stanton negligently entrusted the premises to his stepson, resulting in injury to Bunch. The trial court granted summary judgment to appellees. *Held*:

1. As a social guest, Bunch was a licensee on the premises. "Georgia has adopted the rule that a social guest is not an invitee but is a licensee. [Cits.] . . . [T]he owner or proprietor . . . must not wantonly and wilfully injure the licensee . . . it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or reasonably is expected to be, within the

range of a dangerous act being done. [Cits.] *Barry v. Cantrell*, 150 Ga. App. 439, 440 (258 SE2d 61) (1979). Ascertainment of the liability does not stop with that standard in tow, however. The circumstances imposing liability must be such that the occupier of the premises: " '(a) knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to the licensee, and should expect the licensee will not realize the danger; and (b) fails to exercise reasonable care to make the condition safe, or to warn the licensee of the condition and risk involved; and (c) the licensee does not know or have reason to know of the condition and the risk.' " *Barry*, supra, quoting *Patterson v. Thomas*, 118 Ga. App. 326 (163 SE2d 331) (1968).

The rule regarding superior knowledge is also explained and applied in *Ramsey v. Mercer*, 142 Ga. App. 827, 829 (237 SE2d 450) (1977): "The basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting, in view of his knowledge, assumes the risks and dangers incident to the known condition. [Cits.] It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. [Cits.]" It was applied in *Simons v. Amerson*, 149 Ga. App. 495 (254 SE2d 738) (1979).

Here, the licensee had superior knowledge, having observed the dangerous activity for fifteen minutes before deciding to take measures for her own safety by leaving. She also knew of the depth of the water. Her actions and experience demonstrate that she knew the risk of becoming involved and injured. Any warning by Betton would have been superfluous. While it would be reasonable to infer that Betton was aware that girls were being thrown into the pool before Bunch was forced in, and to further infer that he knew this was a dangerous activity with respect to the safety of persons, the licensee Bunch knew also. This is what precludes the occupier from having a duty to warn. And the law does not impose on the occupier, with respect to a licensee in these circumstances, a duty to prevent or control or stop the dangerous activity, because he is liable only for his wantonly and wilfully caused injury. Betton's failure to supervise the pool activity would not constitute a breach of duty towards the licensee Bunch, given the undisputed facts of this case. "[D]uties arise out of circumstances," as quoted in *Barry*, supra at 441 from *Rollestone v. Cassirer & Co.*, 3 Ga. App. 161, 167 (59 SE 442) (1907).

2. As to appellant Stanton, ownership alone, in the absence of negligence, imposes no liability. *Simons v. Amerson*, supra. Without actual knowledge of Stanton of the dangerous condition, the theory of

negligent entrustment and its applicability here cannot even be broached. *Brown v. Sheffield*, 121 Ga. App. 383 (173 SE2d 891) (1970).

The court did not err in granting summary judgment to defendants.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 28, 1985.

*Timothy W. Hewett*, for appellants.
*Walter B. McClelland*, for appellees.