76361. BRAGG et al. v. MISSROON et al.
(368 SE2d 564)

DEEN, Presiding Judge.

Appellants Thomas and Maxine Bragg owned a lakeside cabin in North Georgia which had among its amenities a large boathouse and dock that were supported by metal pilings and equipped with electrically operated doors and boatlifts. Kelly Ann Missroon, daughter of appellees James and Sandra Missroon, came to the cabin as a guest of the Braggs' granddaughter. After swimming in front of the cabin, she approached the ladder leading from the water to the dock, and, when she attempted to grasp it, apparently received an electrical shock which caused her to sink to the bottom of the lake, where her lifeless body was retrieved shortly thereafter. Her parents brought an action against the Braggs and against others (not parties to the instant appeal) who allegedly had constructed, repaired, or maintained the property. The Braggs moved for summary judgment in the case-in-chief, and the trial court denied the motion. The Braggs then sought an interlocutory appeal, enumerating as error the denial of the motion and contending that the decedent was a mere licensee; that they had breached no duty owed to her as a licensee; and that the trial court

had improperly considered affidavits which contained inadmissible testimony. We granted the appeal to determine whether the instant case is controlled by the line of cases represented by *Ruffin v. Ruffin*, 159 Ga. App. 830 (285 SE2d 261) (1981), or that represented by such cases as *Patterson v. Thomas*, 118 Ga. App. 326 (163 SE2d 331) (1968), and *Barry v. Cantrell*, 150 Ga. App. 439 (258 SE2d 61) (1979). *Held*:

A social guest has been held to be a mere licensee rather than an invitee, *Frankel v. Antman*, 157 Ga. App. 26 (276 SE2d 87) (1981); and the owner or occupier is liable to a licensee only for wilful or wanton injury. OCGA § 51-3-2 (6). " 'The occupier (or owner) of real property owes the same duty of care to a social guest as to a licensee.' " *Barry v. Cantrell*, supra at 441. "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to . . . licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved." Restatement, 2d, of Torts, § 342, cited in *Patterson v. Thomas*, supra at 328. In *Patterson*, as in *Barry v. Cantrell*, supra at 442, this court held that a jury question was presented.

In *Ruffin v. Ruffin*, supra, on the other hand, this court affirmed the grant of summary judgment to defendant property owners against the allegations of the plaintiff that, in allowing her to fall through a rotted board on their dock, plaintiff had failed adequately to maintain or repair the dock or to warn the plaintiff of its condition, and had also failed to exercise ordinary care to prevent injury from a hidden peril of which defendant knew or should have known. There, as in the instant case, the defendants alleged that they had had no knowledge of a defective condition; and that there had been no previous injury or other incident, or any report of such, which would have put them on notice of a defective or dangerous condition. See, e.g., *McCoy v. Gay*, 165 Ga. App. 590 (302 SE2d 130) (1983); *Pembrook Mgt. v. Cossaboon*, 157 Ga. App. 675 (278 SE2d 100) (1981); but see *Dillon v. Grand Union Co.*, 167 Ga. App. 381 (306 SE2d 670) (1983).

Our scrutiny of the record in the case at bar indicates that there do indeed exist certain similarities between this case and *Ruffin v. Ruffin*, supra. Nevertheless, we perceive a considerable difference, not only in degree but in kind, between a relatively uncomplicated object such as a simple little wooden dock and a large facility equipped, *inter alia*, with an electrically operated door-opener and electrically controlled boatlifts. In *Ruffin* it was undisputed that the boards of the

small dock appeared intact to the naked eye; in the instant case, in contrast, there was testimony below that mere visual inspection had revealed a number of instances where the insulation had rubbed off the wires, leaving them exposed; that various wires had been broken or cut and spliced, not always in a manner complying with standard electrical codes; that other wires randomly touched the ground or the water; that the wires supplying current to the boathouse were not properly grounded; that a measurable voltage leak into the water was detected four days after the accident; and that there had been no routine maintenance of the facility. The testimony on most, if not all, of these points, was conflicting.

Moreover, appellees allege in their complaint, as amended, that appellants' conduct in failing to inspect and maintain the wiring was wilful and wanton. They also allege that the absence of care in failing to inspect or maintain the wiring "exhibited a wanton and conscious indifference to the consequences which might befall those using the boat dock." In support of their motion for summary judgment appellants rely on their own testimony, given by deposition and affidavit, which states only that prior to the incident in question they had not experienced any malfunction or problem with the electrical system on the boathouse or swim dock, and no such problems had been reported to them. They do not address the issue of whether they should have known of the defects. In response to appellants' motion for summary judgment, appellees rely on the affidavit of David G. MacArthur, a licensed electrician. MacArthur testified that he inspected appellants' boat dock after the incident at the request of the Sheriff's Department and found the wiring poorly done and poorly maintained, with improper or absent grounding, corrosion on the circuit breakers, unprotected wires running in and out of the water, and cable which had been spliced and rewrapped using non-waterproof tape which had numerous abrasions and touched the steel dock. MacArthur stated in his affidavit that these defects were "apparent and stood out. The wiring was visibly defective." Appellants did not rebut this evidence, and a genuine question of material fact is created thereby, as to whether appellants *should have known* of the hazards created by the defects in wiring at their boat dock. Appellees can recover only if appellants' behavior was wilful and wanton. If appellants should have known of this hazard, and Kelly Missroon did not, the wiring may have constituted the sort of "hidden peril," "pitfall," or "mantrap" which the premises owner is obligated, even to a bare licensee, to correct. See *Wren v. Harrison*, 165 Ga. App. 847, 848 (303 SE2d 67) (1983). If there was such a "mantrap," appellants' conduct may have been wilful or wanton. See *Barry v. Cantrell*, supra.

Where such issues are present, the statutory requirements for summary judgment are not fulfilled. OCGA § 9-11-56. "Summary

judgments should only be granted where, construing *all* inferences against the movant, it yet appears without dispute that the case can have but a single outcome." *Chatmon v. Church's Fried Chicken*, 133 Ga. App. 326, 327 (211 SE2d 2) (1974); *Watkins v. Nationwide Mut. Fire Ins. Co.*, 113 Ga. App. 801 (149 SE2d 749) (1966).

In the instant case the evidence does not mandate a judgment as a matter of law; a scrupulous sifting and weighing of the evidence by a jury is required. The trial court properly denied summary judgment.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 7, 1988.

*J. Kenneth Moorman, Alan L. Newman*, for appellants.
*Howard T. Overby, Jack M. Carey*, for appellees.