A90A2368. STRICKLAND v. STRICKLAND.
(402 SE2d 66)

BANKE, Presiding Judge.

The appellee sued the appellant, who is her son, to recover for injuries she had allegedly sustained when she slipped and fell on a hardwood floor in the latter's home. The case is before us pursuant to

our grant of the appellant's application for an interlocutory appeal from the denial of his motion for summary judgment.

It is apparent without dispute from the deposition testimony of record that the appellee was quite familiar with the premises, having visited the appellant there approximately two weekends each month during the two years he had lived there, and that she was aware others had previously slipped on the floor. She had, in fact, told her son on multiple occasions "to cover the floor with something[, or] someone's going to fall." *Held*:

·As a social guest in her son's home, the appellee occupied the legal status of licensee. See *Patterson v. Thomas*, 118 Ga. App. 326 (163 SE2d 331) (1968). "The owner of the premises is liable to a licensee only for willful or wanton injury." OCGA § 51-3-2 (b). " 'A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to . . . licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved." *Bragg v. Missroon*, 186 Ga. App. 803, 804 (368 SE2d 564) (1988), citing Restatement of Torts 2d, § 342.

As it is evident in the present case that the appellee was fully aware of the existence of the alleged unsafe condition and fully appreciated the danger presented by it, we hold that the trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 31, 1991.

*Stevens & Gerson, Ervin H. Gerson*, for appellant.
*Walter W. Furlong*, for appellee.