## A97A1235. HARDEMAN v. SPIRES.
### (503 SE2d 588)

McMURRAY, Presiding Judge.

This is the second appearance of this slip and fall case, the Supreme Court of Georgia having granted a writ of certiorari, vacated this Court's judgment in *Hardeman v. Spires*, 228 Ga. App. 723 (492 SE2d 532), and remanded the case for reconsideration of the merits of plaintiff Laurie Ann Hardeman's appeal in the light of *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403).

Laurie Ann Hardeman was seriously injured while working as a pizza-delivery person when she slipped on wet tile outside the entry-door of Esther Spires' home. After Hardeman handed Spires a pizza, she turned, stepped down the open porch's unrailed stairway and fell. While it was drizzling rain when Hardeman fell, she did not know the ceramic tiles on Spires' front porch would be so slippery. Spires, on the other hand, was warned by the person who installed the tile that the porch's surface would become slick when wet. In fact, Spires was aware before Hardeman fell that at least one other person had slipped and fallen on the tile. Hardeman contends she was injured due to the slippery condition of the tile flooring on Spires' entrance porch, combined with the lack of hand rails or other protective devices. *Held*:

In *Robinson v. Kroger Co.*, supra, the Supreme Court of Georgia held that "in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." *Robinson v. Kroger Co.*, 268 Ga. 735, 746 (2) (b), 748-749, supra.

In the case sub judice, Hardeman met the first prong of this test

by proffering evidence that Spires was actually aware of the hazard her ceramic tile porch posed when wet. Hardeman went further, however, by filing an expert's affidavit which shows that Spires did not comply with the building code requirement that a guardrail or handrail be installed on her front porch "to prevent accidental falls from the porch." Hardeman's expert opined that this safety requirement became even more relevant after Spires installed ceramic tile on her house's entrance porch, a material which the expert found to be considerably more slippery than the porch's previous surface. The expert concluded that the porch posed an unreasonable hazard and that plaintiff's injuries could have been avoided had Spires not violated this safety code standard. This evidence not only meets *Robinson's* first prong that there be some indication that Ms. Spires had actual knowledge of the hazard, but is also sufficient to authorize a finding that Spires was negligent or even negligent as a matter of law in maintaining her porch. The only question, then, is whether Spires has met her burden on summary judgment of establishing that Hardeman failed to exercise ordinary care for her own safety. Id. at 746 (2) (b), 748-749, supra.

In this regard, Spires points to Hardeman's admission that she had delivered pizza to Spires' home before the day she fell; that she was aware that Spires' front porch did not have a railing, and that she was aware of the rainy conditions while she was traversing Spires' front porch. Spires argues that this proof establishes, as a matter of law, that Hardeman understood the danger posed by the tile and railing deficiencies on Spires' front porch, but that she decided to traverse the hazard anyway. We do not agree. Although Hardeman obviously knew that it was raining when she delivered Spires' pizza and was familiar that Spires' tiled porch did not have a handrail, we cannot say (as a matter of law) that Hardeman failed to exercise ordinary care for her own safety by taking a pizza to the entry door of Spires' home. On the contrary, we find proof which would support a finding that Spires had "superior knowledge" of the alleged hazard posed by the ceramic tile on her front porch. Specifically, the person who installed the tile on Spires' front porch warned Spires before Hardeman's fall that the porch's tile surface would become slick when wet. This person also informed Spires that he had slipped on the porch's tile surface.

Inasmuch as genuine issues of material fact remain for jury resolution, we find that the trial court erred in granting Spires' motion for summary judgment. "[T]he 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed."

*Robinson v. Kroger Co.*, 268 Ga. 735, 746 (2) (b), 748, supra.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 28, 1998.

*Buzzell, Graham & Welsh, Neal B. Graham*, for appellant.

*Martin, Snow, Grant & Napier, Robert R. Gunn II, Thomas P. Allen III*, for appellee.