A03A0632. HICKS et al. v. WALKER et al.
(585 SE2d 83)

JOHNSON, Presiding Judge.

Two-year-old Keldra Hicks was injured when a deck attached to the rear of the home she was visiting collapsed as she sat next to the deck's support posts. Her mother, Angela Hicks, sued the homeowners, John and Ernestine Walker, on behalf of her daughter and herself based on the Walkers' alleged failure to exercise reasonable care to make their premises safe. Specifically, the Hickses alleged that the Walkers were negligent because they failed to maintain the deck or to correct the defective condition of the deck, failed to warn them of the dangerous condition of the deck, failed to obtain a required building permit, failed to have the deck inspected for safety, and failed to meet the minimum standards required for decks under Georgia law.

The Walkers moved for summary judgment asserting that they had no knowledge that the deck was unsafe, inasmuch as they had not noticed any problems with it. They argued that they could not be held liable because their conduct was not wilful or wanton. Finding that the Walkers' conduct toward their licensees was not wilful or wanton, and that the parties had equal knowledge of the dangerous condition, the trial court granted the Walkers' motion for summary judgment. We reverse.

Upon the appeal of a grant of summary judgment, this Court reviews the case de novo to determine whether any genuine issue of material fact exists for resolution by a jury.[1] Summary judgment is proper where the moving party is able to show that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law.[2] A defendant meets this burden by showing that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case.[3]

Viewed in a light most favorable to the Hickses as nonmovants,[4] the evidence reveals that the Hickses went to the home of Angela Hicks' parents, the Walkers, to attend a family cookout. The family was cooking food on a barrel-type grill on the deck. The Walkers' son had built the deck for his parents about six to twelve months earlier.

Keldra Hicks was sitting in a rocking chair next to the house when the deck suddenly collapsed, falling against the house. The charcoal grill rolled down the deck, and the grill and hot coals landed on top of the child. The child sustained burns on her arms, legs, and feet.

After the accident occurred, a professional home inspector went to the home and inspected the deck. He testified by affidavit that the deck was not built according to the minimum standards required by Georgia building codes. His findings included the following: the deck failed at the point at which the deck was attached to the house, and the deck had been attached to the house with carpentry nails, though the codes required the use of hex bolts; contrary to code requirements, no flashing was used to protect the wood from water damage, and the wood was damaged as a result; the support posts were set on top of cinder blocks instead of being set into a foundation sufficient to support the weight load of the deck; and the posts were improperly "toe-nailed" into the deck. According to the inspector, the deck was

---

[1] *Rice v. Six Flags Over Ga.*, 257 Ga. App. 864-865 (572 SE2d 322) (2002).
[2] Id. at 865.
[3] Id.
[4] See id.

unsafe and unfit for the use for which it was constructed. He added that it would not have passed inspection. Photographic evidence included in the record shows the manner in which the deck was attached to the posts, and that the posts were set atop cinder blocks.

It is undisputed that the Hickses, as the Walkers' social guests, were licensees.[5] As such, the Walkers would generally be liable to the Hickses only for wilful or wanton injuries.[6] It is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or may reasonably be expected to be, within the range of a hidden peril on one's premises.[7] Accordingly, if a danger to a licensee is known and foreseen by the property owner, then the owner must exercise ordinary care and diligence to protect that licensee from the peril.[8] After the presence of the licensee is known, exactly the same acts of caution may be required of the owner to satisfy the legal duty as would be necessary if the licensee were invited.[9]

A landowner is liable if, but only if, (a) the possessor knows or *has reason to know* of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved.[10] The test for liability here is the owner's superior knowledge of the hazard.[11] In cases of defective construction, the owner is presumed to have notice of the danger.[12] Moreover, the owner's duty to exercise ordinary care includes inspecting the premises to discover possible dangerous conditions of which the owner does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the use of the premises.[13] We note that the violation of a building code is negligence per se,[14] and evidence of nonconformity with code standards may be proof of a landowner's superior knowledge of a defect under OCGA § 51-3-1.[15]

---

[5] See *Bartlett v. Maffett*, 247 Ga. App. 749, 750 (545 SE2d 329) (2001).

[6] OCGA § 51-3-2 (b); *Bartlett*, supra.

[7] *Rigdon v. Kappa Alpha Fraternity*, 256 Ga. App. 499, 501 (1) (568 SE2d 790) (2002).

[8] Id.

[9] *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394-395 (506 SE2d 910) (1998); *Cooper v. Corporate Property Investors*, 220 Ga. App. 889, 891 (470 SE2d 689) (1996).

[10] *Cooper*, supra.

[11] Id.

[12] See *Freyer v. Silver*, 234 Ga. App. 243, 245 (2) (507 SE2d 7) (1998).

[13] Id. Note that after the presence of a licensee is known, exactly the same acts of caution may be required of the owner to satisfy the legal duty as would be necessary if the licensee were invited. *Hannah*, supra.

[14] See *Hannah*, supra at 395.

[15] See *Long Leaf Indus. v. Mitchell*, 252 Ga. App. 343, 346-347 (3) (a) (556 SE2d 242) (2001).

There is no evidence that the Walkers actually knew about the deck's dangerous condition. However, there is evidence from which a jury could find that the Walkers at least had constructive knowledge of the defects because the defects were construction defects, because the defects amounted to code violations, or because the defects could have been discovered through the exercise of reasonable care in inspecting the deck.[16]

The trial court is correct that an owner is not liable when he and the licensee have equal knowledge of the property's dangerous condition.[17] This principle, though, does not support the Walkers' motion for summary judgment given an owner's presumed knowledge of a construction defect,[18] an owner's duty to inspect the premises to discover possible dangerous conditions of which he does not have actual knowledge,[19] an owner's duty to comply with building codes,[20] the fact that noncompliance with code standards may be proof of an owner's superior knowledge of a defect, and the fact that the injured person was a child. Because a child may be unable to appreciate a danger, an owner may be held to a higher standard of care toward a child than toward an adult.[21]

Summary judgment is properly granted only when the evidence is plain, palpable, and undisputed.[22] The questions presented here uniquely fit the pattern of those issues of material fact which are not appropriate issues for summary judgment but are decided by the trier of fact.[23] Viewing the evidence in the light most favorable to the Hickses, as we are required to do,[24] genuine issues of material fact remain as to whether the Walkers violated applicable building codes in the construction of their deck, whether they exercised ordinary care in preventing injury to their guests or showed such indifference to consequences as to justify a finding of wantonness,[25] and whether

---

[16] See *Freyer*, supra; *Murray v. West Bldg. Materials &c.*, 243 Ga. App. 834, 835 (534 SE2d 204) (2000) (physical precedent only); see generally *Hardeman v. Spires*, 232 Ga. App. 694, 695 (503 SE2d 588) (1998); *Flournoy v. Hosp. Auth. of Houston County*, 232 Ga. App. 791, 792 (504 SE2d 198) (1998).

[17] See *Hannah*, supra.

[18] See generally *Freyer*, supra.

[19] Id.

[20] See generally *Bastien v. Metro. Park Lake Assoc.*, 209 Ga. App. 881, 882 (434 SE2d 736) (1993).

[21] See *Hobson v. Kroger Co.*, 204 Ga. App. 417, 419-420 (419 SE2d 492) (1992). We note that a parent's negligence cannot be imputed to her child. See OCGA § 51-2-1 (b); *Housing Auth. &c. of Atlanta v. Jefferson*, 223 Ga. App. 60, 63 (3) (476 SE2d 831) (1996).

[22] *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997).

[23] See *Reliance Ins. Co. v. Walker County*, 208 Ga. App. 729, 730 (431 SE2d 700) (1993).

[24] See *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

[25] See *Muller v. English*, 221 Ga. App. 672, 676 (2) (c) (472 SE2d 448) (1996).

the child had equal knowledge of the hazard and failed to exercise ordinary care for her own safety.[26]

Accordingly, the trial court erred in granting the Walkers' motion for summary judgment.

*Judgment reversed. Eldridge and Mikell, JJ., concur.*

DECIDED JUNE 11, 2003 —
RECONSIDERATION DENIED JULY 9, 2003 — 

*Richard D. Hobbs*, for appellants.
*Beck, Owen & Murray, Charles D. Jones, James R. Fortune, Jr.*, for appellees.

---

[26] See *Powley v. Precision Plumbing Co.*, 222 Ga. App. 848, 850-851 (4) (476 SE2d 777) (1996) (physical precedent only).

