## A05A0724. COLLINS v. GLOVER.
(615 SE2d 194)

SMITH, Presiding Judge.

In this slip-and-fall case, we granted the petition for interlocutory appeal filed by Braswell Collins, Jr. from the denial of his motion for summary judgment. Because we agree with the trial court that factual issues exist as to whether Collins created or allowed an unreasonable risk of danger on his property, we affirm.

The facts of this case are largely undisputed. During a telephone conversation on the evening of January 18, 2003, Collins and plaintiff Rhenda Glover mutually decided that Glover would visit Collins at his home. Collins was aware that the temperature was below freezing. Approximately two months earlier, Collins had broken an outdoor faucet at his home, causing a leak. Although he had attempted to repair the faucet, a slight leak persisted.

A short time after their telephone conversation, Glover arrived, and as she had done on several previous occasions, she attempted to enter Collins's house through the door in his carport. Glover banged on the door and rang the doorbell. Collins did not respond. Glover assumed that Collins was using the computer in his bedroom, and she decided to knock on a set of French doors in the back nearer that bedroom. She testified during her deposition that she had "been back that way before to get his attention," and Collins testified that Glover had once previously tapped on his bedroom window when he was working on his computer. The night was cold and dry. Glover proceeded toward the backyard, and when she had walked approximately four or five feet from the carport, she fell. She alleged in her complaint that she slipped on ice that had accumulated in the area. Glover tried to stand but fell again. She broke a wrist and an ankle. Collins acknowledged during his deposition that it "would be likely" that "whatever ice" Glover fell on was caused by "water coming from that faucet."

Collins moved for summary judgment on the ground that Glover was a licensee and that he did not wilfully or wantonly injure her. Relying largely on *Patterson v. Thomas*, 118 Ga. App. 326 (163 SE2d 331) (1968), the trial court denied Collins's motion. The court concluded that "a crucial material fact" existed as to whether "the leak and the probability of an ice patch developing in freezing temperatures posed an 'unreasonable risk' to Ms. Glover."

As a social guest, Glover was a licensee on Collin's property. *Patterson*, supra, 118 Ga. App. at 327. See also *Hicks v. Walker*, 262 Ga. App. 216, 218 (585 SE2d 83) (2003). Under OCGA § 51-3-2 (b), a landowner "is liable to a licensee only for willful or wanton injury." As more fully discussed in *Patterson*, supra,

> [t]he degree of care owed to a social guest is less than that owed to a business invitee or servant. An owner owes to a licensee no duty as to the condition of the premises save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm. . . . A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved.

(Citations and punctuation omitted.) Id. at 327-328. In *Patterson*, the plaintiff alleged that she caught her heel in a furnace in the defendant's home, that she "hit a . . . throw rug" on the floor, that the rug did not have a rubber backing on it, and that she could have caught her balance if the rug had not been present. Id. at 327. This court affirmed the denial of the defendant's motion for summary judgment. Id. at 328. See also *Hicks*, supra, 262 Ga. App. at 218; *Barry v. Cantrell*, 150 Ga. App. 439, 440 (1) (258 SE2d 61) (1979).

It is true in this case that Glover was aware that no sidewalk or walkway led from the carport to the backyard and that no light was on in the backyard. She testified, however, that she could "see enough to know where I was going" and that she could see light inside the house. We also recognize that she had a cellular telephone with her that night but did not attempt to call Collins before walking toward the backyard. Nevertheless, we cannot agree with Collins that Glover failed to exercise ordinary care for her own safety as a matter of law. The record shows that Collins caused the leak two months before Glover's injury occurred, that he had not fully repaired the leak, and that Glover was unaware of the leak. Collins also was aware that the temperature outside was below freezing, that Glover was coming to his house, and that Glover had previously entered through doors in the back of the house. As in *Patterson*, factual issues exist as to whether Collins "knew or should have realized" that the freezing temperatures combined with the condition caused by him "created an

unreasonable risk of harm to the plaintiff as a social guest, and should have expected that the plaintiff would not realize the danger, and whether the plaintiff had reason to know of the danger." Id. at 328.

The cases cited by Collins are not controlling. In *Aldredge v. Symbas*, 248 Ga. App. 578 (547 SE2d 295) (2001), we affirmed the trial court's grant of summary judgment to the defendant landowner. While chasing a suspected criminal, the plaintiff-police officer in that case fell into a seven-foot drainage ditch. Id. at 579. Although the ditch was located on the defendant's property, it was "subject to an easement granted in favor of the City of Atlanta" and had been constructed and maintained by the City. Id. at 580-581. We concluded that it was "not reasonable to contend that [the defendant] should have foreseen that an officer would chase an alleged criminal far from the city street and sidewalk, at night, into foliage located on his property and then into the drainage ditch." (Citation and footnote omitted.) Id. at 581. In *Hawkins v. Brown*, 228 Ga. App. 311 (491 SE2d 423) (1997), the condition that allegedly caused the plaintiff's injury was a "small depression" located two or three steps from the concrete sidewalk and covered by a small piece of carpeting. Id. at 313. This court concluded that this minor condition was not "a mantrap, a pitfall, or other contrivance so dangerous in character as to imply a disregard of consequences or a willingness to inflict injury. [Cit.]" (Punctuation omitted.) Id. at 313.

In contrast, factual issues exist here as to the foreseeability of Glover's injury and as to whether Collins disregarded the potential consequences of a hazardous condition created by him. Collins was aware of the freezing temperatures and, unlike Glover, he was aware of the leak that he had created. Further, he was aware of Glover's imminent visit and of the fact that Glover had previously walked to the back of the house in order to gain entry. Under the circumstances of this case, summary judgment in Collins's favor was not authorized. We therefore affirm the trial court's denial of Collins's motion.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED MAY 20, 2005.

*Bullard, Garcia & Wangerin, Daniel Bullard IV, Kevin A. Wangerin*, for appellant.
*McKenney, Jordan & Carey, John D. Carey*, for appellee.