**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 26, 2022**

# In the Court of Appeals of Georgia

A22A0670. HARBIN et al. v. RITCH et al.

MERCIER, Judge.

Angela Holly Harbin, individually and as the mother and next friend of Bristol Melton, sued Bobby and Sandra Ritch for damages sustained when Bristol was injured during a fireworks display at the Ritch home.[1] The trial court granted summary judgment to the Ritches, and this appeal followed. We reverse.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c). We review the grant of summary judgment de novo, construing the

---

[1] Harbin also sued two additional defendants, Harley Ritch and Jason Johnson, but those defendants were dismissed from the suit.

evidence and all reasonable inferences in favor of the non-moving party. See *Brown v. Dickerson*, 350 Ga. App. 137, 137 (828 SE2d 376) (2019).

So viewed, the record shows that on July 4, 2019, eight-year-old Bristol attended a party at the Ritch home with her father, Dennis Melton, her step-mother, Lindsey Melton, and her siblings. The Ritches, who are Dennis's aunt and uncle, held an annual Fourth of July party, inviting friends and family to a large gathering that included food, entertainment for children, and a fireworks display. Although the Ritches had originally asked guests attending the party in 2019 not to bring alcohol, many people at the celebration, including the Ritches, were drinking, and most were intoxicated.

The Ritches' son and several others were in charge of fireworks that had been purchased by the Ritches and also donated by party guests. The Ritches imposed no rules on who could light fireworks on their property, and the individuals running the fireworks show were drunk. Unfortunately, the show did not go as planned. The Ritches' son was burned trying to light a firework; a firework fell over and launched toward the street, almost hitting a motorcyclist on the road; and an errant firework hit Dennis near the house. At that point, Dennis and Lindsey decided to gather their family and leave the party. They told Bristol, who had been in the front yard watching

2

the fireworks with other children, to wait in the garage while they prepared to leave. Almost immediately, however, another errant firework flew into the garage, striking and injuring Bristol.

Harbin sued the Ritches in premises liability to recover damages resulting from Bristol's injuries. The Ritches moved for summary judgment, arguing that (1) they did not breach a duty to Bristol, who was a licensee, and (2) Bristol and her parents had equal or superior knowledge of any hazard posed by the fireworks. The trial court granted the motion, and this appeal followed.[2]

Bristol was a social guest at the Ritches' party and thus a licensee on their property. See *Brown*, supra at 138. With respect to licensees, a property owner owes a duty not to cause wilful or wanton injury. See id.; OCGA § 51-3-2 (b). Generally, "wilful misconduct" is "an actual intention to do harm or inflict injury," and wanton misconduct is "that which is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit to actual intent." *Brown*, supra at 139 (citation and punctuation omitted). A property owner, however, also acts wilfully and wantonly by failing to "exercise ordinary care to prevent injuring a person who is

_____

[2] Harbin later amended her complaint to add a claim that the Ritches negligently entrusted a dangerous instrumentality (fireworks) to intoxicated persons. The trial court did not address this claim in its summary judgment order.

3

actually known to be or may reasonably be expected to be, within range of a dangerous act being done or a hidden peril on [the] premises." Id. (citation and punctuation omitted). Ultimately,

> a possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and (c) the licensees do not know or have reason to know of the condition and the risk involved. Where a licensee has equal knowledge of the dangerous condition or the risks involved, there is no wilful or wanton action on the part of the owner and there is no liability to the licensee.

Id. (citation, punctuation, and emphasis omitted).

The trial court found no evidence that the Ritches engaged in wilful or wanton conduct toward Bristol. It further concluded that, as a matter of law, Bristol had equal knowledge of the hazard and risks presented by the fireworks display. We disagree on both counts.

Construed favorably to Harbin, the record shows that "all kind of stuff [had] happened over the years" with fireworks at the Ritches' Fourth of July party, such as

4

party-goers shooting fireworks at each other and fireworks striking at least one individual. Alcohol consumption was common, and although Sandra Ritch asked guests not to bring alcohol to the party in 2019, most of the attendees, including the Ritches and the individuals handling the fireworks, were drinking. Moreover, the Ritches made no effort to regulate who launched fireworks at the party or to assess whether those people could do so safely, without imperiling party guests. Given this evidence, questions of fact remain as to whether the Ritches acted wilfully and wantonly by allowing intoxicated individuals to shoot off fireworks on their property in the presence of a large group of adults and children. See *Bethany Group, LLC v. Grobman*, 315 Ga. App. 298, 300 (1) (a) (727 SE2d 147) (2012) ("[I]f a danger to a licensee is known and foreseen by the property owner, then the owner must exercise ordinary care and diligence to protect that licensee from the peril."); *Hicks v. Walker*, 262 Ga. App. 216, 219 (585 SE2d 83) (2003) (following deck collapse that injured a guest at a family cookout, question of fact remained as to whether homeowners "exercised ordinary care in preventing injury to their guests or showed such indifference to consequences as to justify a finding of wantonness").

Factual questions also exist regarding the parties' relative knowledge. Claiming a lack of superior knowledge, the Ritches note that Bristol, her father, and her mother

5

understood that fireworks would be on display at the party. They also point to Bristol's testimony that she knew not to "play around the fireworks" because she might get burned. They have cited no evidence, however, that Bristol was "playing" around the fireworks when she was injured. Instead, she was standing in the garage, where Dennis and Lindsay had sent her for safety after several concerning incidents at the fireworks show.

Eight-year-old Bristol may have known that fireworks could burn her if she played with them. See *Barnes v. Fulton*, 213 Ga. App. 806, 807 (446 SE2d 213) (1994) (dangers associated with fire are "normally understood by young children absent other factors creating additional risks of harm"). But we cannot agree that, as a matter of law, she should have understood the risk of attending this particular fireworks show, which the Ritches left in the hands of intoxicated individuals. Even if others at the party — such as Bristol's father and step-mother — knew that these individuals were drunk and could have foreseen the danger, the Ritches have not offered any basis for imputing that knowledge to Bristol. See *Gourley v. Food Concepts*, 229 Ga. App. 180, 181-182 (493 SE2d 587) (1997) (refusing to impute son's "unimparted knowledge" to mother who slipped on substance in restaurant); *Barry v. Cantrell*, 150 Ga. App. 439, 441 (1) (258 SE2d 61) (1979) (assessing

6

whether 11-year-old child injured on defendant's property knew of the hazardous condition and associated risks); see also *Powley v. Precision Plumbing Co.*, 222 Ga. App. 848, 851 (4) (476 SE2d 777) (1996) ("No evidence was presented that prior to his fall, [child] knew of and appreciated the possible danger posed by the [condition on property].") (physical precedent only).

The record raises factual questions as to whether the Ritches breached a duty to Bristol and whether they had superior knowledge of the danger on their property. Accordingly, the trial court erred in granting summary judgment to them.

*Judgment reversed. Dillard, P. J., and Markle, J., concur.*