## 55015. BARBER et al. v. ADAMS.

WEBB, Judge.

This action was brought against Adams, a crop duster, for the alleged negligent chemical spraying of Barber's peach orchard in "the fall of 1972," seeking damages for loss of the trees and future profits.

Adams denied negligence in any manner as alleged, filed a motion for more definite statement as to the specific date on which the loss was contended to have occurred, and also moved to dismiss the complaint for failure to state a claim. Adams filed depositions of Barber and two subsequent owners of the land on which the trees were located,[1] and in ruling on the motion to dismiss the trial

---

[1] The grant of Adams' motion to exclude the

court treated it as a motion for summary judgment pursuant to CPA § 81A-112 (d) and 81A-156 and considered both the pleadings and the depositions. The trial court granted summary judgment for Adams, Barber appeals, and we affirm.

Barber purchased the property for $275 an acre and sold it on January 2, 1973, after the trees were allegedly damaged during the Fall of 1972, for $330 to $335 an acre. The subsequent vendee testified that he and his partner bought the property for "something in the neighborhood of $1,375,000"; that they knew Barber's property had been sprayed by Adams; that they did not buy the land with any reduction because of damage to the peach trees; that they bought the trees as well as the land thinking they were all in a productive state at that time; and that they paid Barber full price.

Not having shown that he was damaged in any way by any alleged negligence on the part of Adams, Barber failed to establish a claim for relief. "If the evidence introduced by movant pierces the pleadings and discloses the absence of a right of recovery, the grant of summary judgment is proper and should follow." *Brown v. J. C. Penney Co.,* 123 Ga. App. 233, 234 (180 SE2d 364) (1971). Since Adams made a prima facie showing that Barber was not harmed, Barber was required to show damage caused by Adams, or else suffer judgment against him. *Crisp v. First Nat. Bank,* 141 Ga. App. 30 (232 SE2d 376) (1977). He did not do so, and summary judgment was properly granted.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JANUARY 10, 1978 — DECIDED APRIL 10, 1978.

---

subsequent vendees as plaintiffs is not in issue as Barber concedes they were misjoined, having no legal or equitable interest in the property at the time the alleged negligent act occurred. Code § 3-109; *Coffin v. Barbaree,* 214 Ga. 149, 150 (103 SE2d 557) (1958).

*Floyd H. Wardlow, Jr.,* for appellants.
*Martin, Snow, Grant & Napier, Hendley V. Napier,* for appellee.