A95A2526. COOPER et al. v. CORPORATE PROPERTY
INVESTORS et al.
A95A2527. W. B. JOHNSON PROPERTIES et al. v. CORPORATE
PROPERTY INVESTORS et al.
(470 SE2d 689)

RUFFIN, Judge.

Margaret and Herbert Cooper sued Corporate Property Investors, Pembroke Management, Inc. and Events Elements, Inc. for injuries sustained when Mrs. Cooper tripped over a board at Independence Day festivities being held in the Lenox Square Mall parking lot. The trial court granted summary judgment to all three defendants, and the Coopers appealed. For reasons which follow, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a

jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of an appeal from summary judgment is de novo. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

In their complaint, the Coopers alleged Mrs. Cooper tripped on a board placed over a temporary cable laid on the pavement in preparation for the festivities. The Coopers alleged that Corporate Investors, the owner of Lenox Square Mall, Pembroke Management, the mall's property manager, and Events Elements, the event coordinator, were negligent in permitting the cable and board to be placed in a location where they knew or should have known that pedestrians might trip over it.

Corporate Investors and Pembroke Management moved for summary judgment asserting that they had not breached their duty of care to Mrs. Cooper and that she failed to exercise ordinary care for her own safety. Events Elements moved for summary judgment asserting that (1) it did not own or control the property where Mrs. Cooper fell, (2) it did not have any knowledge of the claimed hazard, and (3) Mrs. Cooper failed to exercise ordinary care for her own safety.

Viewed in a light most favorable to the Coopers as the nonmoving parties, the record shows that at the time of her injury, Mrs. Cooper was the public relations director for W.B. Johnson Properties, d/b/a Ritz Carlton Buckhead ("Ritz Carlton"). In her deposition, Mrs. Cooper testified that she and other Ritz Carlton managers received an invitation from "Lenox Square" to attend the festivities, including an invitation to the VIP tent. Mrs. Cooper stated that her primary purpose for attending the event was to direct the photographing of the Ritz Carlton orchestra, which was performing as part of the festivities. Accordingly, Mrs. Cooper met with a photographer at approximately 6:30 p.m. and directed him to take pictures of the orchestra and the crowd. When the photography session ended, Mrs. Cooper decided to visit the VIP tent. As Mrs. Cooper walked through a large crowd on her way to the tent, her "foot caught on a wooden

board which had been placed on the ground" and she fell, sustaining the injuries which are the subject of her complaint. In her affidavit, Mrs. Cooper stated that the board she tripped over was covering wires, "was not painted with any bright color, and [she] observed no other warnings or indications that the board was present." She stated that in the area where she fell, people were standing, sitting on chairs and lying on blankets which they had placed in the parking lot. Mrs. Cooper further stated that because it was so crowded, she had to walk with her attention on the crowd "in order to pick [her] way through the crowd and get to the VIP tent."

In Case No. A95A2526, the Coopers appeal the grant of summary judgment to all three defendants. In Case No. A95A2527, Ritz Carlton, which intervened pursuant to its subrogation rights upon providing Mrs. Cooper workers' compensation benefits, likewise appeals the grant of summary judgment to the three defendants. Because identical issues are raised in both appeals, we consider them together.

The Coopers contend that because Mrs. Cooper was an invitee at the time of her injury, the defendants owed her a duty to exercise ordinary care in keeping the premises and approaches safe. See OCGA § 51-3-1. Corporate Investors, Pembroke Management and Events Elements argue that Mrs. Cooper was a licensee and that they therefore were only liable for a wilful and wanton injury. See OCGA § 51-3-2. While the plaintiffs and defendants correctly characterize the duty of care owed by an owner or occupier of land to invitees and licensees, it is a distinction without a difference in this case. This is so because "it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or may reasonably be expected to be, within the range of a . . . hidden peril on one's premises. Thus[,] as to a licensee[,] ordinary care and diligence must be used to prevent injuring him after his presence is known or reasonably should be anticipated. After the presence of the licensee is known, exactly the same acts of caution may be required of the owner to satisfy the legal duty as would be necessary if the licensee were invited." (Citations, punctuation and emphasis omitted.) *Wade v. Mitchell*, 206 Ga. App. 265, 267 (2c) (424 SE2d 810) (1992). In such cases, " '[a] possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved. . . .' [Cit.]" *London Iron &c. Co. v. Abney*, 245 Ga. 759, 761 (2) (267 SE2d 214) (1980). The test for liability here is the proprietor's superior knowledge of the hazard. *Sailors v. Esmail Intl.*, 217 Ga. App. 811 (1)

(459 SE2d 465) (1995).

In light of Mrs. Cooper's testimony that there was a huge crowd present at the time of her fall, it is clear that all three defendants must have been aware that people attending the event were present in the area. Accordingly, we find that even if Mrs. Cooper was a licensee when she fell, the defendants owed her the same duty as they would have owed if she were an invitee.

We must next determine whether any of the defendants had superior knowledge of the board over which Mrs. Cooper tripped.

An employee of Pembroke Management acknowledged that the company managed the mall for Corporate Investors and testified that after the various contractors finished setting up for the event, she inspected the entire area to ensure that it was clean and free of debris. While the employee stated that she saw cable coverings in the area, they were all painted fluorescent orange and did not otherwise meet the description of the board over which Mrs. Cooper tripped.

Events Elements acknowledged that it was the event coordinator. In this capacity, Events Elements assisted in obtaining bids for such things as lighting, sound, stages and tents needed for the event. While Events Elements also coordinated activity on the stage, its owner testified that the company had no responsibility for anything that occurred off the stage. Other contractors hired for the event installed the lighting and sound equipment, including the cables and cable covers over which Mrs. Cooper tripped. In light of this evidence, we find that all three defendants met their burden of showing an absence of superior knowledge.

In responding to this testimony, the Coopers were required to present evidence giving rise to a triable issue of fact concerning the defendants' superior knowledge. *Lau's Corp.*, supra. Although they assert in their brief that Corporate Investors and Pembroke Management knew or should have known about the board, the Coopers cite no evidence supporting this assertion. Likewise, despite the Coopers' allegations that Events Elements had greater responsibilities than the foregoing evidence showed, they again fail to cite any evidence supporting this assertion. In sum, while it is obvious that someone placed the board on the ground, "[a] landowner is not an insurer of the safety of those who venture upon his land whether they are in trespasser, licensee or even invitee status." *Wade*, supra at 267. Because the Coopers have not directed us to any evidence of record showing that any of the defendants placed the board on the ground or had superior knowledge of the defect, there is no genuine issue as to this essential element of the Coopers' negligence claim. Thus, that claim "tumbles like a house of cards." *Lau's Corp.*, supra. It follows that the trial court did not err in granting summary judgment to all three defendants.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

Decided March 7, 1996 —
Reconsideration denied March 28, 1996.

*Doffermyre, Shields, Canfield & Knowles, Kenneth S. Canfield,
R. Hutton Brown III*, for appellants (case no. A95A2526).
*Jerome J. Stenger*, for appellants (case no. A95A2527).
*Drew, Eckl & Farnham, Peter A. Law, John P. Reale, Goldner,
Sommers, Scrudder & Bass, Stephen L. Goldner, William W.
Horlock, Jr.*, for appellees.