## A98A0329. DAVIS v. SCOTT.
(502 SE2d 332)

BEASLEY, Judge.

Davis sued Scott on the theory of premise liability (OCGA §§ 51-3-1; 51-3-2) for injuries sustained when she slipped and fell on a stairway at Scott's home. Davis appeals the trial court's grant of Scott's motion for summary judgment.

Davis' daughter was a hospice nurse who provided care for Scott's mother. On about six or seven occasions, Davis accompanied her daughter to Scott's home in order to visit Scott's mother socially. On each visit before the one during which she fell, Davis had traversed the stairs to Scott's mother's room without incident. As Davis was descending the stairway on September 24, 1993, she slipped and fell on a plastic runner which overlaid the steps. Although Scott was not then at home, her daughter was there with her children. The children routinely used the runner as a slide with the assistance of a box as a sled.

Davis' daughter testified by affidavit that, after her mother's fall, she "noticed that the plastic runner was not secure, it was just laying over the steps, and that there was a slant in the bottom of the steps"; that after the fall Scott's daughter screamed she had told Scott someone was going to get hurt on the steps; and that at least three other people had fallen down the steps. In her complaint, Davis charged Scott with wilfulness, wantonness, and negligence in failing to warn her of the dangerous condition (loose sliding runner on slanted steps).

The trial court ruled that at the time of Davis' fall, she was a licensee, that the duty owed by Scott to Davis was thus one of not wilfully or wantonly injuring her, and that there was no evidence of any breach of such duty by Scott. And further, that even if Scott had a duty to exercise ordinary care and breached it, she was still entitled to summary judgment for three reasons: (1) Davis testified she did not know what caused her fall and thus failed to establish any causal connection between any defect in the stairway and her injuries; (2) although Davis' daughter testified she noticed certain defects in the stairway after her mother's fall, she was unable to swear such condition existed before the fall; (3) since Davis had successfully negotiated the stairs on numerous prior occasions, she had at least equal knowledge of any dangerous condition.

Davis contends Scott was not entitled to summary judgment based on the three grounds articulated by the court in support of its latter ruling. See *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997). That aside, summary judgment was correct for another reason.

As a social guest, Davis' legal status was that of a licensee. *Riley*

*v. Brasunas*, 210 Ga. App. 865, 866 (1) (438 SE2d 113) (1993). "The owner of the premises is liable to a licensee only for willful or wanton injury." OCGA § 51-3-2 (b). " 'Where the alleged injury is caused by the dangerous statical condition of the stairway, and no dangerous active operations are being carried on and no active negligence is involved, no duty arises with reference to the licensee of keeping the usual condition of the premises up to any standard of safety, except that they must not contain a pitfall, a mantrap, or other things of that character.' [Cit.]" *Kahn v. Graper*, 114 Ga. App. 572, 576 (2) (152 SE2d 10) (1966); see *Francis v. Haygood Contracting*, 199 Ga. App. 74, 75 (1) (404 SE2d 136) (1991).

There is no evidence Scott wilfully or intentionally injured Davis. The only evidence possibly supportive of wantonness (or conscious indifference to consequences) is the affidavit of Davis' daughter, which the court ruled was without probative value because it was made "upon information and belief," not on personal knowledge. See *Hassell v. First Nat. Bank of Newton County*, 218 Ga. App. 231, 232 (2) (461 SE2d 245) (1995) (citing OCGA § 9-11-56 (e)). Thus there is no evidence of breach of duty, one of the four elements plaintiff must prove. *Ridgeview Institute v. Handley*, 224 Ga. App. 533, 536 (3) (481 SE2d 531) (1997).

Davis has not enumerated this ruling as error or pointed to any evidence of her personal knowledge of other people falling on earlier occasions. Nor has she otherwise sought to show or argue that the allegedly dangerous condition of the stairway could be considered a pitfall or mantrap. Consequently, the court correctly granted Scott's motion for summary judgment on the ground that there is an absence of evidence to support Davis' claim that Scott breached a duty of care owed to her as a licensee. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 7, 1998.

*Williams & Associates, Rita T. Williams*, for appellant.
*Crim & Bassler, Nikolai Makarenko, Jr.*, for appellee.