## A99A1241. CHILDERS et al. v. MONSON.
### (524 SE2d 326)

PHIPPS, Judge.

While a guest in the home of John Monson in 1996, Patricia Childers rode in an elevator installed by Jack Reeves no earlier than 1994. The elevator crashed, causing Childers serious injuries. As a result, she and her husband sued Monson and Reeves for personal injuries and loss of consortium. The case against Reeves went into default. The jury awarded Childers damages against Reeves, awarded her husband *no* damages against Reeves, but found in favor of Monson against both plaintiffs. Following the denial of their motion for new trial, plaintiffs appeal, claiming the trial court erred in denying their motion for directed verdict on the issue of liability, in charging the jury on the issue of the differences in the duty of care owed to invitees and licensees, and in denying their motion for new trial. Because we find no error, we affirm.

OCGA § 8-2-101 (a) states that all elevators erected or placed in service after January 1, 1986, shall be inspected beforehand and registered afterward. Under OCGA § 8-2-100 (5) (B), this includes private residence elevators. Under OCGA § 8-2-101 (b), every elevator must also be maintained in safe operating condition and in conformity with rules and regulations of the State Department of Labor. As provided in OCGA § 8-2-104 (c), such rules and regulations include the American National Standard Safety Code for elevators, dumbwaiters, escalators, and moving walks. American National Standards Institute A17.1-1984. Under OCGA § 8-2-107 (a), violations of these rules and regulations are deemed a public nuisance. A public nuisance gives any member of the public who has sustained special damages a right of action,[1] irrespective of the degree of care exercised by the defendant.[2] In addition, violation of a statute constitutes negligence per se if the injured person falls within the class of persons intended to be protected by the statute and the harm complained of was the harm the statute was intended to guard against.[3]

Except insofar as he may be chargeable with operation of a nuisance, Monson would owe Childers a duty of care based on her status as a business invitee or social guest at the time of her injury. A property owner owes a business invitee the duty of exercising ordinary care in keeping the premises safe and is thus liable for negligence.[4] But a property owner is liable only for wilfulness or wantonness in

---

[1] OCGA § 41-1-3.

[2] *Cannon v. City of Macon*, 81 Ga. App. 310, 318-319 (1) (58 SE2d 563) (1950).

[3] See *Horney v. Panter*, 204 Ga. App. 474, 476 (2) (420 SE2d 8) (1992).

[4] OCGA § 51-3-1; *Jones v. Interstate North Assoc.*, 145 Ga. App. 366 (243 SE2d 737) (1978).

causing injury to a social guest or licensee.[5]

Plaintiffs charged Monson and Reeves with negligence per se because the elevator was installed and put into service in violation of Georgia statutory law and the safety code. But the complaint did not contain any allegations concerning maintenance of a nuisance.

The evidence at trial showed that Monson did not have any prior difficulties with the elevator. He had used it extensively and allowed his grandchildren to ride on it, without incident. But it is undisputed that the elevator was never licensed or inspected by the State, and a number of code violations caused or contributed to the elevator crash. Monson testified that he was not aware of state regulatory requirements concerning the operation of elevators. The evidence was in conflict on whether Childers was a social guest or business invitee in Monson's home when she was injured.

Plaintiffs moved for a directed verdict on the issue of liability on the ground that operation of the elevator in violation of the safety code constituted a public nuisance. But they never sought to amend their pleadings to allege nuisance.[6] The question thus becomes whether the nuisance issue was tried by either the express or implied consent of the parties.[7] We hold that it was not.

Although it would appear that Monson's operation of his elevator in violation of departmental rules and regulations gave rise to a public nuisance under OCGA § 8-1-107 (a),[8] plaintiffs did not inform Monson that they were relying on a nuisance theory until they moved for a directed verdict at the close of the evidence. In fact, they requested jury instructions on issues of negligence and negligence per se as well as the duty owed by a property owner to invitees and licensees, but not on the issue of nuisance. Had Monson been apprised of a nuisance claim, he might have defended the case differently. Therefore, the court did not err in denying Childers's motion for directed verdict on a ground not timely asserted.

Nor did it err in submitting the case to the jury to determine the duty of care owed to Childers based on her status as a social or business guest.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

---

[5] OCGA § 51-3-2 (b); *Davis v. Scott*, 232 Ga. App. 493, 494 (502 SE2d 332) (1998).

[6] See OCGA § 9-11-15 (a); *Black v. Lowry*, 159 Ga. App. 57, 58 (1) (282 SE2d 700) (1981).

[7] See OCGA § 9-11-15 (b); *Jr. Mills Constr. v. Trichinotis*, 223 Ga. App. 19, 20 (477 SE2d 141) (1996).

[8] But compare *Cox v. DeJarnette*, 104 Ga. App. 664, 676 (2) (C) (123 SE2d 16) (1961) (showing that under OCGA § 41-1-2 operation of an elevator in a private residence would at most constitute a private nuisance).

DECIDED NOVEMBER 2, 1999 —
RECONSIDERATION DENIED NOVEMBER 23, 1999 — 

*Robert H. McDonnell*, for appellants.
*Forrester & Brim, Weymon H. Forrester*, for appellee.