## A00A1013. ODUM v. GIBSON et al.
(537 SE2d 801)

ELLINGTON, Judge.

Reatha Odum sued Charles and Annie Gibson to recover for injuries she sustained when she tripped and fell at the Gibsons' home. The trial court granted the Gibsons' motion for summary judgment, and Odum appeals. Because Odum failed to adduce evidence from which the jury could infer that the Gibsons had superior knowledge of the defect which allegedly caused her fall, we affirm.

On appeal of a grant of summary judgment, this Court applies a de novo review of the evidence to determine whether any question of material fact exists. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant meets this burden by

> showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in this light, the record reveals that Mrs. Gibson invited Odum to dinner at her house. As Odum opened the screen door and walked onto the front porch, she caught her heel on the frayed edge of the carpet at the threshold and fell. Odum concedes that she had been to the Gibsons' home approximately ten to fifteen times during the year before her fall and that on each occasion she had entered and exited through the same doorway. Odum also admitted that she tripped at the threshold on one prior occasion, most likely because of the carpet.[1] Odum also stated that the frayed condition of the carpet was

---

[1] In her affidavit opposing the Gibsons' motion for summary judgment, Odum stated that her previous stumble did not occur because of the carpet. On motion for summary judgment, a party's self-conflicting testimony is to be construed against her unless a reasonable explanation for the contradiction is offered. *Gentile v. Miller, Stevenson &c., Inc.*, 257 Ga. 583 (361 SE2d 383) (1987). Odum has offered no explanation for the contradiction between her affidavit and deposition testimony. Therefore, the trial court was required to eliminate

patent and that she would have seen it had she looked down. Odum stated she believed the carpet had been in that condition for some time because dirt had accumulated under the frayed edge.

Odum contends that the trial court erred in granting the Gibsons' motion for summary judgment because material issues of fact remain for trial.

Odum was visiting the Gibsons as a social guest and, as such, occupied the legal status of licensee. OCGA § 51-3-2 (a); *Davis v. Scott*, 232 Ga. App. 493, 494 (502 SE2d 332) (1998); *Patterson v. Thomas,* 118 Ga. App. 326, 327 (163 SE2d 331) (1968). A homeowner is liable to a licensee only for wilful or wanton injury. OCGA § 51-3-2 (b); *Davis*, supra, 232 Ga. App. at 494. However, it is usually wilful or wanton not to exercise ordinary care to prevent injury to a person who is known to be or may reasonably be expected to be near a hidden peril on one's premises. *Brooks v. Logan*, 134 Ga. App. 226, 228 (1) (213 SE2d 916) (1975). But a homeowner is liable to a licensee injured by a condition on the land only if (1) the homeowner knows or has reason to know of the condition, should realize that it involves an unreasonable risk of harm to the licensee, and should expect that the licensee will not discover or realize the danger; (2) the homeowner fails to exercise reasonable care to make the condition safe or to warn the licensee of the condition and risk involved; and (3) the licensee does not know or have reason to know of the condition and the risk involved. *Patterson v. Thomas*, 118 Ga. App. at 328. Given the evidence in this case, Odum either knew of or should have known of the condition of the carpet and the risk it posed.

First, given Odum's deposition testimony that the carpet had been frayed long enough for dirt to accumulate and that she believed the carpet was likely the cause of her previous stumble, the trial court correctly concluded that the frayed carpet was a static condition. "A static condition, by definition, is simply one that does not change." *Poythress v. Savannah Airport Comm.*, 229 Ga. App. 303 (494 SE2d 76) (1997); *Wade v. Mitchell*, 206 Ga. App. 265, 266-267 (2) (b) (424 SE2d 810) (1992).

Second, when a person has successfully negotiated an alleged dangerous static condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. See *O'Steen v. Rheem Mfg. Co.*, 194 Ga. App. 240, 242 (1) (390 SE2d 248) (1990). Here, Odum successfully traversed the frayed carpet at the porch door's threshold at least 20 times. Moreover, Odum stated that on one of those visits, she stum-

the favorable portions of the contradictory testimony, take all testimony on motion for summary judgment as it then stood, and construe it in favor of the party opposing the motion in determining whether summary judgment should be granted. Id.

bled while exiting through the same doorway and that she believed that the frayed carpet had also caused that stumble. Here, Odum's deposition testimony makes it clear that she knew or should have known of the risks associated with the frayed carpet at the threshold. See *Wright v. JDN Structured Finance*, 239 Ga. App. 685, 686 (1) (522 SE2d 4) (1999). The grant of summary judgment by the trial court in favor of the Gibsons was, therefore, proper.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 28, 2000.

W. *Jason Uchitel*, for appellant.
*Hawkins & Parnell, Alycen G. Adams, William H. Major III*, for appellees.