## A01A1548. WILLIAMS v. TRUETT.
(553 SE2d 350)

ELDRIDGE, Judge.

Appellant/plaintiff Jeffrey L. Williams brought the instant damages action against his longtime close friend appellee/defendant Danny Truett for injuries he sustained when he slipped and fell on a carpet scrap while visiting at Truett's double-wide mobile home. Claiming status as Truett's invitee, Williams contends that the proximate cause of his accident was Truett's negligent failure to keep and maintain his home in a safe condition. The Haralson County Superior Court granted Truett's motion for summary judgment. On appeal, Williams challenges summary judgment for Truett, variously arguing that jury questions exist as to whether Truett exercised ordinary care to prevent his injuries. Finding evidence upon which a jury could infer that Truett had superior knowledge of the condition of the carpet scrap as alleged to have caused Williams' fall, we reverse.

Upon the appeal of a grant of summary judgment, this Court reviews the grant of summary judgment de novo to determine whether any genuine issue of material fact exists for resolution by jury. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). Summary judgment is proper where the moving party is able to show that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. OCGA § 9-11-56 (c). A defendant meets this burden by "showing the court that the documents, affidavits, depositions and other evidence in the

---

[4] Id. at 560 (3); see OCGA § 17-5-1 (a).
[5] *Samuel*, supra, 198 Ga. App. at 560-561 (3).

record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in the light most favorable to nonmovant Williams, the evidence reveals that Truett invited Williams to his mobile home on February 26, 1999, to share in celebrating the Williamses' anniversary by joining them in a motorcycle ride. Williams arrived at Truett's trailer in the early evening, and as the two were talking in the backyard a short time later, Truett told Williams that his girlfriend called earlier. Williams then went into the trailer to return his girlfriend's call. When he returned, Williams stepped onto an unattached piece of indoor-outdoor carpet measuring two feet by two feet which Truett had cut with his knife and laid on the landing at the top of the stairs to keep mud from being tracked into the mobile home. Williams slipped and fell down the stairs thereafter, breaking his left ankle in two places.

It is undisputed in the record that Williams was visiting Truett as a social guest. As a consequence, Williams' legal status was that of a licensee. OCGA § 51-3-2 (a); *Davis v. Scott*, 232 Ga. App. 493, 494 (502 SE2d 332) (1998); *Patterson v. Thomas*, 118 Ga. App. 326, 327 (163 SE2d 331) (1968). Contending that he was an invitee, Williams argues that Truett owed him a duty to exercise ordinary care in keeping his mobile home and the approaches to it safe. See OCGA § 51-3-1; *Cooper v. Corporate Property Investors*, 220 Ga. App. 889, 891 (470 SE2d 689) (1996). Truett, in turn, argues Williams' status as a bare licensee, contending that he is liable only for wilful or wanton injury to Williams. See OCGA § 51-3-2 (b); *Odum v. Gibson*, 245 Ga. App. 394, 395 (537 SE2d 801) (2000). Each correctly argues the standard of care owed invitees and licensees by landowners or other occupiers of land. However, that the foregoing standards of care are ordinarily distinguishable is of no consequence in this case because "it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or may reasonably be expected to be, within the range of a dangerous act being done or a hidden peril on one's premises." *Cook v. Southern R. Co.*, 53 Ga. App. 723, 726 (3) (187 SE 274) (1936); *Cooper v. Corporate Property Investors*, supra.

As a consequence, ordinary care and diligence must be exercised to prevent injuring a licensee after the presence of the licensee is known or reasonably should have been anticipated, making the owner's duty of care in such circumstances the equivalent of the duty of care which would have been owing had the licensee been an invitee. *Cooper v. Corporate Property Investors*, supra; *Wade v. Mitchell*, 206 Ga. App. 265, 267 (2) (c) (424 SE2d 810) (1992). In such cases,

however, a possessor of land is subject to liability for physical harm caused a licensee by a condition on his premises

> if, but only if, (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensee[ ], and should expect that [the licensee] will not discover or realize the danger, and (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensee[ ] of the condition and the risk involved. . . . [Cit.] *London Iron &c. Co. v. Abney*, 245 Ga. 759, 761 (2) (267 SE2d 214) (1980).

(Punctuation omitted.) *Cooper v. Corporate Property Investors*, supra. In this event, the true ground of liability to the licensee/invitee is the owner's superior knowledge of the hazard. Id.; see also *Kroger Co. v. Brooks*, 231 Ga. App. 650, 651 (500 SE2d 391) (1998) (invitee may recover for injury upon a slip and fall only when perilous instrumentality known to owner or occupant and not known to person injured).[1]

In the instant circumstances, Truett deposed that he placed the carpet scrap in issue the afternoon before Williams' accident; that nothing was unusual about the carpet scrap, i.e., its edges were uncurled and it was uncreased; that he had experienced no difficulty in traversing the carpet scrap in the day that it had been down; and that no one had fallen on the stairs since they had been built. No longer authorized to rest on his pleadings, *Speir v. Krieger*, 235 Ga. App. 392, 397 (2) (509 SE2d 684) (1998), Williams presented his affidavit in which he stated, as he had deposed, that the carpet scrap had slipped forward over the top step of the stairs as he stepped on it, causing him to lose his balance and fall. Affiant Williams further stated that after he fell Truett told him that he (Truett) put the offending carpet scrap down while Williams returned his girlfriend's call and that the carpet scrap was the probable cause of the accident. The evidence thus was in conflict as to when the carpet scrap was laid on the landing; whether Williams or Truett had previously traversed the carpet scrap, and, if so, whether there had been any difficulty in doing so; and whether the carpet scrap was creased and in contact with the landing on only two points or uncreased and fully lying on the landing. Moreover, Williams' affidavit stating that Truett told him he laid the carpet scrap during the time he (Wil-

---

[1] To state a cause of action in a slip and fall case, "the plaintiff must show (1) that the defendant had actual or constructive knowledge of the [hazard] and (2) that the plaintiff was without knowledge of the [hazard] or for reason attributable to the defendant was prevented from discovering the [hazard]." (Punctuation omitted.) *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997), citing *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

liams) was talking to his girlfriend by telephone is in conflict and inconsistent with Truett's deposition testimony in support of his motion for summary judgment on this issue. As we earlier have held, "the non-moving party can withstand a motion for summary judgment by submitting sworn testimony averring personal knowledge of . . . a prior inconsistent statement made by the witness upon whose sworn testimony the movant relies." (Citations and punctuation omitted.) *State Farm &c. Ins. Co. v. Swetmon*, 228 Ga. App. 538, 539-540 (492 SE2d 678) (1997).

Under these circumstances and viewing the evidence in the light most favorable to Williams, as we are required to do, *Lau's Corp. v. Haskins*, supra, the grant of summary judgment to Truett was error in that genuine issues of material fact remain as to whether Truett had superior knowledge of the hazard in issue as alleged. *Kroger Co. v. Brooks*, supra; *Cooper v. Corporate Property Investors*, supra.

*Judgment reversed. Miller, J., concurs. Andrews, P. J., concurs specially.*

ANDREWS, Presiding Judge, concurring specially.

While visiting Truett, Williams slipped and fell on a loose piece of carpet scrap placed by Truett at the top of steps leading from Truett's residence. There was conflicting evidence over whether the carpet was already there when Williams entered the residence to make a telephone call, or whether Truett placed it there after Williams went inside. Williams said the carpet was not there when he went in the residence, but Truett said he put it there prior to that day. Williams deposed that he was focused on the steps as he came out of the residence, and that he first saw the carpet scrap as he stepped on it. According to Williams, the carpet "shot out" when he stepped on it causing him to lose his balance and fall down the steps. Williams said the carpet had a crease in it, as if it had been folded, and that this prevented the carpet from lying flat. Truett said he did not recall any crease in the carpet or anything else unusual about the carpet. There was no evidence that anyone else had previously slipped on the carpet or the steps.

Construing this evidence in favor of Williams, factual issues were presented as to: (1) whether there was a creased or raised condition in the carpet that created a hazard that caused or contributed to Williams' slip and fall; (2) whether Truett had superior knowledge of the hazard, if any; and (3) whether Williams exercised ordinary care for his own safety to discover and avoid the hazard, if any.

This analysis is not changed by Williams' status as a guest-licensee. *King v. King*, 226 Ga. App. 791 (487 SE2d 510) (1997).

50

*Jack F. Witcher*, for appellant.

*Downey, Cleveland, Parker & Williams, George L. Welborn*, for appellee.