A02A2142. RICE et al. v. SIX FLAGS OVER GEORGIA, LLC et al.
(572 SE2d 322)

ELDRIDGE, Judge.

Appellants-plaintiffs Brittani Rice, a minor, and William D. Rice, her father, and William D. Rice, individually, appeal from the State Court of Gwinnett County's grant of summary judgment to appellees-defendants Six Flags Over Georgia, LLC ("SFG LLC") and Six Flags Over Georgia II, LP ("SFG II"). The Rices filed a premises liability action against the appellees after Brittani Rice, then 14, reported that she had been "sexually molested"[1] while riding the Ninja roller coaster ride at Six Flags Over Georgia, an amusement park located in Cobb County ("Six Flags Park" or "Park"). The complaint, twice amended, alleged that the appellees failed to exercise ordinary care to provide adequate security for the protection of business invitees. The Rices appeal enumerating that the state court erred in granting summary judgment to appellees upon the standard of care owing in a premises liability case rather than that owing in the care of a child of tender age. In the alternative, the Rices argue that, even if entered upon the proper standard of care, summary judgment for appellees nonetheless was error because genuine issues of material fact remain as to whether the appellees had a duty to exercise ordinary care for the foreseeability of the criminal attack; had a duty to warn; maintained a nuisance by providing inadequate security; and were negligent per se for violation of Georgia Department of Labor Rule 300-8-1-.08 (8). Finding the Rices' claims to be without merit, we affirm. *Held*:

[T]his Court reviews the grant of summary judgment de novo to determine whether any genuine issue of material

---

[1] Brittani described her assailant as touching her breasts and placing his finger in her vagina after threatening her with a knife.

fact exists for resolution by jury. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). Summary judgment is proper where the moving party is able to show that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. OCGA § 9-11-56 (c). A defendant meets this burden by "showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Williams v. Truett*, 251 Ga. App. 46-47 (553 SE2d 350) (2001). Construed in the light most favorable to Rice and his daughter as nonmovants, *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997), the record shows that shortly before leaving Six Flags Park on July 5, 1999, Brittani and three girlfriends, one age 14 and two age 12, decided to ride the Ninja as a final ride for the day. Overhearing the girls debating whether there was enough time to stand in line for the Ninja and still meet their ride in the parking lot, four unknown males offered to let them get in line in front of them. The girls accepted, although cutting in line in this manner violated a posted Park rule. Within minutes, one of four unknown males, whom Brittani described as in his late thirties, informed her that she was going to ride with him, pulling her by the arm and putting her in line in front of him. Although she was fearful, Brittani declined the offer of the person in front of her to let her out of line believing that two of her group would be unable to do so because of crowding. All then proceeded in line, ultimately boarding the two seat cars of the Ninja without seeking the assistance of Park staff which was present, identifiable, and accessible. Brittani was sexually attacked during the ride and first reported the incident three days later to a female Park security officer who, in turn, relayed the complaint to the police.

Appellees supported their motion for summary judgment by, among other things, the deposition testimony SFG II's Security and Risk Manager, Bradford W. Porter. Porter deposed that SFG II acquired Six Flags Park in 1998 and that it had been the sole owner and operator of the property from that time forward, inclusive of the date of the incident. The Rices opposed summary judgment on this issue below, as they do on appeal, citing *Time Warner Entertainment Co. v. Six Flags Over Ga.*, 245 Ga. App. 334, 335 (537 SE2d 397) (2000), as evidencing an ownership interest in SFG LLC as to Six Flags Park at the time in issue. Even if *Time Warner* set out such an

ownership interest as fact (and it does not),[2] used as evidence rather than as legal precedent, *Time Warner* amounted to no more than hearsay in opposition to summary judgment. Hearsay not within a recognized exception to the rule, as here, is inadmissible on motion for summary judgment. *Barich v. Cracker Barrel &c.*, 244 Ga. App. 550, 551 (1) (536 SE2d 221) (2000). Accordingly, pretermitting whether the state court's grant of summary judgment was error as to Six Flags LLC for failure to employ the standard of care owing to a child of tender years, the state court, as a matter of law, properly entered summary judgment for Six Flags LLC for lack of an ownership interest in the property at the time of the incident. "An action [in] tort shall be brought against the party committing the injury, either by himself, his servant, or an agent in his employ." OCGA § 9-2-21 (b); compare *Barber v. Adams*, 145 Ga. App. 627, n. 1 (244 SE2d 149) (1978) (subsequent vendees having no legal or equitable interest in property at time alleged negligent act occurred not parties to tort action under OCGA § 9-2-21).

Neither did the state court err in granting summary judgment to the appellees, as a matter of law, upon the Rices' claim that this is a case involving a child of tender years. It is undisputed in the record that Brittani Rice was approximately fourteen years, nine months old at the time of the alleged incident, July 5, 1999. Such person is not a "child of tender years." *Sayed v. Azizullah*, 238 Ga. App. 642, 644 (519 SE2d 732) (1999), citing *Biggs v. Brannon Square Assoc.*, 174 Ga. App. 13, 17 (2) (329 SE2d 239) (1985). Further, if a case is to lie as to the negligent supervision of a child of tender years, there must be a showing that the supervision of such child was affirmatively undertaken. *Bull Street Church of Christ v. Jensen*, 233 Ga. App. 96, 99 (1) (504 SE2d 1) (1998); *Wallace v. Boys Club of Albany*, 211 Ga. App. 534, 535 (1) (439 SE2d 746) (1993). The Rices do not aver such an undertaking. There is no evidence of same.

In the context of premises liability, the Rices rely on four similar criminal acts as imposing a duty of care on appellees in the instant action. Generally, in circumstances " 'where the (property owner's) negligence is shown, he would be insulated from liability by the intervention of an illegal act which is the proximate cause of the injury.' [Cit.]" *Aldridge v. Tillman*, 237 Ga. App. 600, 603 (2) (516 SE2d 303) (1999). Ordinarily, "[a]n intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury thus breaking the

---

[2] To the contrary, *Time Warner* indicates that general partner Time Warner Entertainment sold all Six Flags theme parks, inclusive of Six Flags Park then owned by SFG LLC as a limited partnership, to Premier Parks, Inc. at some point within a year after March 19, 1997. Id. at 335, 338.

causal connection between the defendants' negligence and the injury." (Citation and punctuation omitted.) *Alexander v. Sportslife*, 232 Ga. App. 538, 540 (2) (502 SE2d 280) (1998). However, "[i]f the proprietor has reason to anticipate a criminal act, he or she then has a 'duty to exercise ordinary care to guard against injury from dangerous characters.' [Cit.]" *Lau's Corp. v. Haskins*, supra at 492 (1); *Tucker Fed. Sav. &c. Assn. v. Balogh*, 228 Ga. App. 482, 484 (491 SE2d 915) (1997). Consequently, if an incident causing injury is to be foreseeable, it "must be substantially similar in type to the previous criminal activities occurring on or near the premises so that a reasonable person would take ordinary precautions to protect his or her customers or tenants against the risk posed by that type of activity." (Citations omitted.) *Sturbridge Partners v. Walker*, 267 Ga. 785, 786 (482 SE2d 339) (1997). The requirement is not that the prior criminal activity be identical to that in issue. Id.; *Matt v. Days Inns of America*, 212 Ga. App. 792, 794-795 (443 SE2d 290) (1994), aff'd, *Days Inns of America v. Matt*, 265 Ga. 235, 236 (454 SE2d 507) (1995). Stated otherwise, a criminal act by a third party may be foreseeable if the incident causing the injury is substantially similar to previous criminal activities occurring on or near the premises at issue in such a way as to prompt a reasonable owner or occupier of the premises to take ordinary precautions to protect his or her invitee against the risk of harm posed by the potential for such criminal act. *Aldridge v. Tillman*, supra, citing *Doe v. Briargate Apts.*, 227 Ga. App. 408, 409 (489 SE2d 170) (1997).

Only one of the prior incidents argued by the Rices occurred on a ride at Six Flags Park. There, on April 27, 1996, the juvenile victim reported that a white male attempted to rub her legs while sitting next to her on bench seats as the two rode the Flying Dutchman ride, after which, and corroborated by a witness, the alleged perpetrator told her, "You know you liked it." The appellees do not dispute this report, and, while, taken at face value, it might reflect child molestation, it does not reasonably suggest a risk of harm of the type which is the subject of this case, coming years later on the Ninja, a roller coaster thrill ride featuring multiple inversions while in a locked-down restraint system versus the more passive Flying Dutchman, a ride shaped like a pirate ship, which merely swung riders back and forth in a pendulum-like manner as they faced each other on bench seats.

The remaining incidents at Six Flags Park on which the Rices rely, none involving a ride, likewise do not show substantial similarity for purposes of demonstrating the foreseeability of the instant criminal act. In the first of these, a third-party witness reported observing a man place his hand on the stomach area of a small girl and in the area between her legs as the two sat on a bench in the

Park. Upon thereafter interviewing the man and the child, the police determined that no criminal act occurred. The alleged perpetrator proved to be the child's stepfather who satisfactorily explained the witness's story as an effort to remove debris from the bench below his stepdaughter. The child stated that she had not been improperly touched and that she and her stepfather had been discussing one of the rides at the park. In the second, the victim child reported observing a drunken homosexual male exposing his penis to friends and using lewd language after getting off a ride. In the third, a juvenile female reported that a boy touched her breast by placing his hand on the clothing she wore over it while they played laser tag in the laser tag area of the Park.

Even were the instant criminal act deemed foreseeable and a duty to exercise ordinary care to protect Park invitees against such a risk of harm established, the record shows that the Rices' knowledge of the potential for violence on board the Ninja was equal to or superior to that of the appellees in that Brittani, though fearful, chose not to alert Park authorities of the concern she felt.

> Although the issue of a plaintiff's exercise of due diligence for his own safety is ordinarily a question for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable. Where a plaintiff has equal or superior knowledge of a dangerous condition existing on [a property owner's] property, there can be no recovery if the plaintiff fails to exercise reasonable care to avoid the danger.

(Citations omitted.) *Rappenecker v. L. S. E., Inc.*, 236 Ga. App. 86, 87-88 (1) (510 SE2d 871) (1999); *Aldridge v. Tillman*, supra at 605 (2).

No more than a general risk of harm having been shown, negligence for failure to warn in the instant circumstances does not lie. *Lau's Corp. v. Haskins*, supra at 493 (1).

Neither is there actionable public nuisance in this case.

> A business may be a nuisance either by reason of its location or by reason of the improper or negligent manner in which it is conducted. . . . The plaintiff must show the existence of the nuisance complained of, that he [or she] has suffered injury, and that the injury complained of was caused by the alleged nuisance.

(Citations and punctuation omitted.) *Asphalt Products Co. v. Marable*, 65 Ga. App. 877, 882 (16 SE2d 771) (1941). Brittani and her friends deposed that they had been to Six Flags Park on multiple occasions and never felt unsafe in the Park; neither had they ever seen anyone hurt or assaulted there. Park security as adequate is

undisputed in the record. We have concluded that in the circumstances of this case the criminal act at issue was one which was not foreseeable, and there is no evidence as to how the Park might reasonably have prevented the criminal act at issue in any event. Given our finding as to the foreseeability of the criminal act complained of, negligence per se in the Park and summary judgment for the Park, which the Rices also argue as improper, cannot lie under Georgia Department of Labor Standard 300-8-1-.08 (8). Such standard plainly goes only to foreseeable mischievous activity as follows: "The ride owner of an amusement ride shall insure that his or her ride is operated in a manner which precludes foreseeable mischievous use of the ride." Id.; see *Pfeiffer v. Dept. of Transp.*, 250 Ga. App. 643, 646-647 (551 SE2d 58) (2001) (administrative regulations interpreted for plain meaning under rules of statutory construction).

The facts conclusively show by plain, palpable, and undisputed evidence that the appellees had no reasonable basis to apprehend that the instant criminal act was foreseeable upon prior similar criminal acts of record. Moreover, Brittani Rice's knowledge of the risk of harm she potentially faced was equal, if not superior to that which the appellees possessed. Under these circumstances the grant of summary judgment for the appellees on this issue was proper as well.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 27, 2002 —
RECONSIDERATION DENIED OCTOBER 11, 2002 — 

*George H. Connell, Jr.*, for appellants.
*Drew, Eckl & Farnham, John P. Reale, Brandon M. Rhodes*, for appellees.