[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15705
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-03919-LMM

TYREONA WATSON,

Plaintiff-Appellant,

versus

FOREST CITY COMMERCIAL MANAGEMENT, INC.,
d.b.a. The Mall at Stonecrest,
NORTH AMERICAN MIDWAY ENTERTAINMENT-ALL-STAR
AMUSEMENT, INC.,
NORTH AMERICAN MIDWAY ENTERTAINMENT SOUTHEAST, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 15, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Tyreona Watson appeals the summary judgment against her complaint that Forest City Commercial Management, Inc., North American Midway Entertainment-All-Star Amusement, Inc., and North American Midway Entertainment Southeast, LLC, (collectively "North American Entertainment") were negligent for failing to maintain a safe premises and to provide adequate security for a street fair. Watson's complaint stemmed from personal injuries she received during a brief physical altercation between teenagers who attended the fair. The district court ruled that Forest City Management and North American Entertainment owed no duty to protect Watson from unforeseeable criminal acts and breached no duty to her. We affirm.

Forest City Management operates The Mall at Stonecrest, which is located in Lithonia, Georgia. The company hired North American Entertainment to provide shows, rides, and concessions for the 2011 Fall Fair at The Mall. Forest City Management contracted with a private company and eight off-duty police officers to provide security for the fair.

On November 5, 2011, Watson attended the fair with a classmate, Aleah Marshall, and Marshall's cousin, Toni. The three girls began talking to a group of teenage boys. Then several teenage girls, who were strangers to Watson, "surrounded" her, Marshall, and Toni, and the girls had a heated conversation. Watson did not anticipate a fight, but "within a matter of seconds," the situation

2

escalated and Watson, Marshall, and Toni were attacked and pushed to the ground. When Watson assisted Marshall and Toni, someone pulled Watson's hair, and she retaliated by punching that person. Watson was then surrounded by a group of teenagers who pulled her hair, hit her, and although she never saw any weapons, cut her hands and face with a box cutter. The group dispersed when a woman said to "break it up." The woman instructed Watson to call her mother and, during the call, a police officer approached Watson and escorted her to an ambulance for treatment. According to Watson, the whole incident "was over in an instant" and lasted "just a matter of seconds."

Based on this evidence, the district court entered summary judgment in favor of Forest City Management and North American Entertainment and against Watson's complaint. The district court ruled that the companies owed no duty to protect Watson from being assaulted by third parties unless the incident was foreseeable, and Watson failed to present any evidence that the companies knew of substantially similar incidents on the premises or that the companies had knowledge superior to Watson of the possibility that she would be assaulted. Even assuming that the companies had a duty to protect Watson, the companies also did not breach any duty, the district court determined, in the absence of evidence that the security was inadequate or that different security measures could have prevented the assault.

3

We review *de novo* the summary judgment against Watson and view the evidence in a light most favorable to her. *See Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1398 n.20 (11th Cir. 2011). Summary judgment should be entered when the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The district court did not err by entering summary judgment against Watson's complaint against Forest City Management and North American Entertainment. Under Georgia law, a property owner is insulated from liability for a crime against an invitee by third parties unless the crime was foreseeable due to the owner's knowledge of substantially similar crimes on the premises. *Luong v. Tran*, 280 Ga. App. 15, 18, 633 S.E.2d 797, 799 (2006). Watson argues that the companies had a duty to anticipate harm and protect her because her assault was foreseeable based on "prior reports of criminal violence . . . on the premises," but the records introduced by Watson are devoid of any details about the location, nature, or extent of the prior incidents to prove that they were similar to Watson's assault, *Raines v. Maughan*, 312 Ga. App. 303, 305, 718 S.E.2d 135, 138 (2011). And even if we were to assume that the companies had a duty to protect Watson, the companies were not liable unless they failed to exercise ordinary care to protect her, *see Rice v. Six Flags Over Ga., LLC*, 257 Ga. App. 864, 868, 572 S.E.2d 322, 326 (2002), and could have prevented the assault by employing different security

4

measures, *see Knudson v. Lenny's, Inc.*, 202 Ga. App. 85, 86, 413 S.E.2d 258, 260 (1991). Watson argues that her testimony that she did not see any police officers at the fair "prove[s] that security was not sufficient," but Watson acknowledged that a police officer approached her shortly after the assault and that he escorted her to an ambulance for treatment. Watson's testimony, in the absence of any other evidence, failed to prove that the companies' use of a private security company and off-duty police officers was unreasonable or that a different security plan would have prevented the incident, which according to Watson, transpired in "just a matter of seconds."

We **AFFIRM** the summary judgment in favor of Forest City Management and North American Entertainment.